13 F.3d 406
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 LYON DEVELOPMENT COMPANY, a New Mexico corporation; Jeanne
Lyon d/b/a Lyon and Associates Realty; and Gary
Lyon, Plaintiffs/Counter-Defendants/Appellants,
v.
BUSINESS MEN'S ASSURANCE COMPANY OF AMERICA, a Missouri
corporation, Defendant/Counter-Claimant/Appellee.
 No. 92-2264.
 United States Court of Appeals, Tenth Circuit.
 Nov. 24, 1993.
 
 Before LOGAN, SEYMOUR, and MOORE, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Lyon Development Company and Jeanne Lyon (Lyon) appeal from an order granting summary judgment on defendant Business Men's Assurance Company's counterclaim for declaratory judgment. Although Lyon maintains the case is "novel and complex," the keystone issue is simple and direct. The only matter we have to decide is whether genuine and unresolved issues of material fact exist which militate against the granting of summary judgment. Our examination of the record leads us to conclude there are such issues; therefore, we reverse.[2]
 
 
 2
 At the outset, we observe this appeal has been complicated not by the issues, but rather by the habitual prolixity of both parties. We have virtually had to wade through a morass of paper to find the proverbial needle which led to the resolution of the case. Undoubtedly, these same habits have had an effect on an equally overburdened district court, perhaps leading to the result we have to overturn.
 
 
 3
 We shall, therefore, not overburden our disposition by an exposition of the facts. From the exegeses in their briefs we can assume both parties know them well.
 
 
 4
 The fundamental question is whether BMA is presently entitled to a judgment declaring it validly exercised the buy out rights conferred by the partnership agreement. However, the extent of the relief the district court intended to provide in its judgment is not clear to us, and both sides are in total disagreement over the breadth of the order.
 
 
 5
 The court held: "BMA properly exercised the buy-sell provision and was entitled to purchase Plaintiff Lyon Development Company's interest in Quail Run Partnership ... BMA's buy out of Plaintiff Lyon Development Company was valid." Lyon argues, in effect, this holding constitutes a disposition of all the issues in controversy, but BMA contends the order merely establishes BMA correctly exercised its rights. Either way, however, the outcome is still the same because of the existence of disputed material facts going to the summary judgment question. We shall for the purpose of this disposition therefore interpret the district court's order in its most restrictive sense.
 
 
 6
 Simply put, we believe under the facts of this case it is impossible to determine whether BMA's exercise of its rights was "valid," as the district court concluded, without also deciding whether those rights are either voided or otherwise undercut by economic duress, breach of fiduciary duty,[3] and breach of contract. In short, the district court's action was premature because the determination of the binding effect of the buy out cannot be made without first considering the context in which it was executed.
 
 
 7
 REVERSED AND REMANDED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R.36.3
 
 
 [2]
 In oral argument, counsel for BMA argued there were no material facts in dispute because Lyon did not raise the issues of economic duress and breach of fiduciary duty as defenses to BMA's declaratory judgment action. The record belies this argument. Both issues were raised as affirmative defenses in the answer to the second amended counterclaims
 
 
 [3]
 In oral argument, counsel for BMA admitted the parties were fiduciaries to each other